UNITED STATES of America,
Plaintiff-Appellee

v.

Manuel GONZALEZ,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee

v.

Tanya GONZALEZ,
Defendant-Appellant.

Nos. 85–5054, 85–5055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1986.

Decided Sept. 23, 1986.

As Amended Nov. 4, 1986.

Manuel Medrano, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Joseph D. Allen, David K. Allen, Santa Barbara, Cal., Elsa Leyva, John Gyorgy, Asst. Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before TANG, Circuit Judge, BRUNETTI, Circuit Judge, and LEAVY, District Judge.*

LEAVY, District Judge:

Manuel Gonzalez appeals his convictions for armed bank robbery and use of a firearm to commit a crime of violence in violation of 18 U.S.C. §§ 2113 (a) and (d) and 924(c). His wife, Tanya Gonzalez, appeals, in a companion case, her conviction for aiding and abetting the armed robbery. The Gonzalezes base their appeals on a number of grounds. Manuel contends that his convictions violate the Double Jeopardy Clause. He also challenges the district court's refusals to grant a continuance and to substitute counsel. The Gonzalezes challenge the denial of their motions for judgment of acquittal based on insufficiency of the evidence. Tanya contends the district court erred by denying her motion to dismiss the indictment. We affirm the convictions.

## I.

### FACTS AND PROCEEDINGS BELOW

On November 8, 1984 Manuel Gonzalez entered the First Interstate Bank of Bell, California armed with a sawed-off shotgun. He pointed the gun at a teller, demanded money and received $1,672. He left the bank through the back door and ran to a car parked on the adjoining street. His wife, Tanya Gonzalez, was driving the car. After Manuel got in the passenger side the car took off at a high rate of speed pursued by local police. After approximately two miles, the car left the road and crashed into a tree. Tanya was arrested in the car. Manuel was arrested as he crawled out the passenger side.

Manuel Gonzalez was interviewed after his arrest by an FBI Special Agent. He told the agent that Tanya had no knowledge of the robbery and that she sped away from the bank only because he had so ordered her.

At the hearing before the grand jury the agent testified erroneously that Tanya began driving calmly after Manuel got into the car and only sped up when the police turned on their lights. The agent also told the grand jury that there was no evidence pointing to the innocence of either of the defendants. The grand jury charged Ma-

---

* Honorable Edward Leavy, United States District Judge for the District of Oregon, sitting by designation.

nuel with violations of 18 U.S.C. § 2113(a) and (d) (armed bank robbery) and 18 U.S.C. § 924(c) (use of a firearm during a crime of violence). Tanya was indicted for aiding and abetting the armed bank robbery.

On the first day of trial, Manuel orally moved to dismiss his counsel, John Robertson, and for a continuance to prepare for trial. He told the district court he wished to represent himself. After questioning Manuel regarding waiver of his right to counsel and his understanding of the charges against him, the district court found that his waiver was knowing and voluntary and allowed him to proceed in *propria persona* with Robertson as standby counsel. The district court denied the motion for a continuance finding that an adequate showing for granting the motion had not been made.

On the second day of trial, Manuel told the district court he no longer wished to represent himself and requested appointment of an attorney other than Robertson. Because Manuel provided no specific reasons why Robertson could not represent him, the district court gave Manuel the option of continuing *pro per* or having Robertson reappointed. Manuel chose to continue to represent himself with Robertson serving as standby counsel. During the course of the trial Manuel frequently conferred with Robertson. Robertson also participated actively on Manuel's behalf.

The jury found the Gonzalezes guilty of the crimes as charged. Manuel received a sentence of ten years for the armed bank robbery charge and a consecutive sentence of five years for the use of a firearm during a crime of violence. Tanya received a three year sentence.

## II.
## DISCUSSION

### A. *Double Jeopardy*

Manuel contends that his convictions under 18 U.S.C. §§ 2113(a) and (d) and 924(c) violate the Double Jeopardy Clause. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Thus, the clause protects against multiple punishments for the same offense.

*Simpson v. United States*, 435 U.S. 6, 11 n. 5, 98 S.Ct. 909, 912 n. 5, 55 L.Ed.2d 70 (1978). In determining multiplicity, we must consider whether each count of the indictment requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Wylie*, 625 F.2d 1371, 1381 (9th Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981).

The "proof of a fact" referred to under the *Blockburger* test does not simply relate to whether the same evidence is used at trial to prove the two charges. So long as each offense requires the proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975); *United States v. Gann*, 732 F.2d 714, 719 (9th Cir.1984), *cert. denied*, 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984).

18 U.S.C. § 2113 (a) and (d) provide in pertinent part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank ... [shall be guilty of an offense.]

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) ... assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device ... [shall be guilty of an offense.]

18 U.S.C. § 924(c) provides in pertinent part:

(c) Whoever, during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the use of deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment for such crime of violence,

be sentenced to imprisonment for five years.

■ The two statutes meet the *Block-burger* test. The statutory elements of 18 U.S.C. §§ 2113(a) and (d) not required to be proved for conviction under § 924(c) include the taking of money from a bank and an assault or jeopardizing the life of another. The statutory element of 18 U.S.C. § 924(c) not part of § 2113 (a) and (d) is the use or carriage of a firearm.

Moreover, with respect to cumulative sentences imposed in a single proceeding, "the Double Jeopardy Clause does no more than prevent the sentencing court form prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). In 1984, Congress amended 18 U.S.C. § 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony, specifically including § 2113. S. Rep. No. 225, 98th Cong., 1st Sess. 312–13 (1984), *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182, 3490–91. Therefore, under *Missouri v. Hunter,* Manuel's convictions and consecutive sentences do not violate the Double Jeopardy Clause.

B. *Continuance*

Manuel contends the district court erred by denying his motion for a continuance. The denial of a motion for a continuance will not be reversed absent a clear abuse of discretion. *United States v. Clevenger,* 733 F.2d 1356, 1359 (9th Cir.1984). Denial is a constitutional violation only if the district court unreasonably and arbitrarily insists upon "expeditiousness in the face of a justifiable request for delay." *United States v. Mitchell,* 744 F.2d 701, 704 (9th Cir.1984) (quoting *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) ). To demonstrate reversible error from the denial of such a motion, the defendant must show that the denial resulted in actual prejudice to his defense. *Id.*

Manuel moved for continuance on the first day of trial following the granting of his motion to dismiss counsel. He requested the continuance to prepare for trial. Manuel told the district court that counsel's recommendation that he plead guilty created a conflict between them. The district court denied the motion finding that an adequate showing for delay had not been made. Manuel contends that the district court should have inferred from his statement regarding the guilty plea that he desired a delay in trial to prepare a defense of either duress or diminished capacity.

■ Because the motion was made on the eve of trial and no reason was actually articulated for delay, the district court did not abuse its discretion in denying the motion for a continuance. Manuel has also made no showing that the denial resulted in actual prejudice to his defense, a prerequisite to this court finding reversible error.

C. *Substitute Counsel*

Manuel contends that the district court's denial of his motion to substitute counsel was an abuse of discretion. The following factors are relevant to this court's review of the denial of a motion to substitute counsel: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense. *Hudson v. Rushen,* 686 F.2d 826, 829 (9th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983). A district court's refusal to substitute counsel is reviewed for abuse of discretion. *United States v. Williams,* 594 F.2d 1258, 1260–61 (9th Cir.1979).

Manuel's motion to substitute counsel was made on the second day of trial, after the district court had granted his previous motion to represent himself. The district court asked Manuel to state specifically what prevented Robertson from representing him and told Manuel such information was needed before the motion could be granted. Manuel's only articulated reason was a "conflict of interest" with Robertson. After the motion was denied, Robertson continued to act as standby counsel. During trial he and Manuel consulted frequently and Robertson took an active role in presentations to the court and jury.

After considering the relevant factors we find that Manuel's motion was untimely, that the district court made adequate inquiry and that the conflict between Manuel and Robertson did not prevent an adequate defense. Therefore, the district court's denial of Manuel's motion was not an abuse of discretion.

## D. *Sufficiency of Evidence*

The Gonzalezes contend that the evidence is insufficient to support their convictions for bank robbery "by use of a dangerous weapon" under 18 U.S.C. § 2113(a) and (d) because no evidence was introduced at trial that the shotgun was loaded. In *McLaughlin v. United States,* — U.S. —, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986), the Supreme Court held that an unloaded gun is a "dangerous weapon" within the meaning of 18 U.S.C. § 2113. Thus, the Gonzalezes' contention is without merit.

Manuel also challenges the sufficiency of the evidence to support his conviction under 18 U.S.C. § 924(c) for use of a firearm during the bank robbery. 18 U.S.C. § 921(a)(3) defines firearm as "any weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." The statute imposes no requirement that the gun be loaded or operable. Thus, the evidence is sufficient to support Manuel's conviction under § 924(c).

## E. *Dismissal of Indictment*

Tanya contends that the district court erred by denying her motion to dismiss the indictment. The district court's refusal to dismiss the indictment is reviewed for abuse of discretion. *United States v. Noti,* 731 F.2d 610, 613 (9th Cir.1984). The court may dismiss an indictment as an exercise of its inherent supervisory powers or to protect a defendant's due process rights. *United States v. Al Mudarris,* 695 F.2d 1182, 1185 (9th Cir.1983), *cert. denied,* 461 U.S. 932, 103 S.Ct. 2097, 77 L.Ed.2d 305 (1983). However, governmental or prosecutorial misconduct warrants dismissal only when the misconduct represents a serious threat to the integrity of the judicial process. *United States v. Everett,* 692 F.2d 596, 601 (9th Cir.1982), *cert. denied,* 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed.2d 930 (1983).

Tanya contends the indictment should have been dismissed because the agent erroneously told the grand jury, first, that she drove calmly away from the bank and sped up only after the police turned their lights on and, second, that he knew of no exculpatory information regarding her. The agent's mistaken description of the speed of the car is no more probative of Tanya's guilt than what actually occurred. The agent told the grand jury that Manuel had said that Tanya did not know about the robbery. In light of this testimony his failure to tell the grand jury that Manuel also said he had ordered Tanya to speed away from the bank is insignificant. There is no evidence that either of the misstatements was intentional. Thus, the agent's erroneous testimony does not approach the level of governmental misconduct which would violate due process or justify an exercise of the court's supervisory power. The district court did not abuse its discretion by denying the motion to dismiss.

The convictions are AFFIRMED.