942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Charles Edward Shipherd, Defendant/Appellant.
 No. 90-10371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Edward Shipherd appeals his sentence upon his conviction for conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952(a) and 963. Shipherd argues that the district court erred when it: (1) failed to make a finding of fact or state that it would disregard disputed material in the presentence report as required by Federal Rule of Criminal Procedure 32(c)(3)(D); (2) relied upon false information in the presentence report; and (3) failed to ask Shipherd personally whether he wished to make a statement prior to resentencing as required by Federal Rule of Criminal Procedure 32(a)(1).
 
 
 3
 Under Rule 32(c)(3)(D), when a defendant challenges the factual accuracy of any material in the presentence report, the trial court must, at the time of sentencing, either make a finding as to the accuracy of the material challenged or make a determination that the material will not be taken into account at sentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). The district court made a determination that it would consider only the undisputed facts that the offense was drug related and that Shipherd was placed on diversion. Rule 32(c)(3)(D) was not violated.
 
 
 4
 Rule 32(a)(1) requires the court, before imposing sentence: (1) to afford counsel for the defendant an opportunity to speak on behalf of the defendant and (2) to ask the defendant personally whether he wishes to make a statement or present any mitigating information. Fed.R.Crim.P. 32(a)(1)(B) & (C). It also provides that the sentence must be imposed without unreasonable delay. Fed.R.Crim.P. 32(a)(1). The court afforded Shipherd's counsel sufficient opportunity to speak at the two resentencing hearings. The court did not abuse its discretion in declining to grant Shipherd's motion to substitute counsel at his sentencing hearing. See United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986).
 
 
 5
 Shipherd was resentenced twenty-two months after the case was remanded to the district court. In determining whether the delay in sentencing was unreasonable, a court must examine the length of the delay, the reason for the delay, the extent to which the defendant asserted his right to a speedy sentence, and the prejudice, if any, that results to the defendant as a result of the delay. United States v. DeLuca, 529 F.Supp. 351, 354-55 (S.D.N.Y.1982) (applying and adapting Barker v. Wingo, 407 U.S. 514, 530 (1972), test for pretrial delay). In light of Shipherd's failure to bring the delay to the court's attention, we cannot find that the delay was unreasonable.
 
 
 6
 The record reflects, and the government concedes, that the court did not ask Shipherd if he wished to make a statement. We must therefore vacate Shipherd's sentence and remand for resentencing at which proceeding Shipherd will be given the right to allocute. United States v. Navarro-Flores, 628 F.2d 1178, 1184 (9th Cir.1980).
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3