951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles E. LARSEN, Defendant-Appellant.
 No. 90-50640.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 20, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Edward Larsen appeals his eight-count conviction for involvement in an international marijuana smuggling operation in violation of 21 U.S.C. §§ 846, 841(a)(1), 963, 952 and 18 U.S.C. §§ 2, 1952(a)(3), 371. We affirm.
 
 
 3
 Larsen raises six issues. Five are addressed in the present memorandum of disposition. The issue of the extraterritoriality of 21 U.S.C. § 841(a)(1) is the subject of a separate published opinion.
 
 I.
 THE DENIAL OF MOTION FOR CONTINUANCE
 
 4
 Larsen argues that the district court erred in denying his motion for a continuance to prepare a defense and to obtain substitute counsel. We review the district court's decision under the abuse of discretion standard. United States v. Donaghe, 924 F.2d 940, 943 (9th Cir.), cert. denied, Donaghe v. U.S., No. 91-5022, 1991 WL 127298 (U.S. Oct. 7, 1991).
 
 
 5
 The district court did not abuse its discretion as to the first seven concerns expressed in Larsen's continuance motion because Larsen did not show that the denial resulted in actual prejudice to his defense, as required by the test articulated in United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986).
 
 
 6
 Further, the district court did not abuse its discretion as to Larsen's eighth concern in which he requested a delay to retain private counsel. Although this concern requires a consideration of additional factors because of sixth amendment right to counsel implications, see Donaghe, 924 F.2d at 943, a balancing of these factors favors the government's position. There was no prejudice to Larsen because his appointed counsel stood ready and prepared to proceed with the hearing; there would have been considerable inconvenience to government witnesses who travelled to California from Thailand and Hawaii; the court and counsel would have been inconvenienced inasmuch as the trial was ready to proceed the morning that Larsen moved to continue; the district court granted Larsen's two previous motions to continue; and, considering the sufficiency of time prior to the trial, there was no legitimate reason offered for the delay.
 
 II.
 SUFFICIENCY OF THE INDICTMENT
 
 7
 Larsen argues that the indictment failed to make clear an element of the offense charged: that the marijuana was intended for distribution in the United States. The sufficiency of an indictment is reviewed de novo. United States v. Tuohey, 867 F.2d 534, 536 (9th Cir.1989).
 
 
 8
 An essential purpose of an indictment is to give a defendant notice of the charge so that he may defend or plead his case adequately. Normandeau v. United States, 800 F.2d 953, 958 (9th Cir.1986). A conviction will not be reversed merely because of a minor technical deficiency in the indictment. Id. Larsen required notice of the missing element for the purpose of defending the issue of extraterritorial jurisdiction.[1] Since he raised the extraterritoriality issue before trial, it is clear that he was on notice of the missing element. Therefore, Larsen was not prejudiced, and the omission was a mere technicality which does not mandate a dismissal. Normandeau, 800 F.2d at 958.
 
 III.
 
 9
 FAILURE TO INCLUDE ALL ELEMENTS IN JURY INSTRUCTIONS
 
 
 10
 Larsen argues that Counts Three, Seven and Eight should be reversed because jury instructions failed to include an element of the offense charged: that the marijuana was intended for distribution in the United States.
 
 
 11
 The failure to instruct on an undisputed element is harmless error since its omission could not possibly have been prejudicial. United States v. King, 587 F.2d 956, 966 (9th Cir.1978). Larsen's intent to distribute "in the United States," as opposed to elsewhere in the world, was an undisputed issue at trial. Therefore, the omission of this element constituted harmless error which does not justify reversal.
 
 IV.
 
 12
 INSUFFICIENT QUANTUM OF PROOF IN JURY INSTRUCTIONS
 
 
 13
 Larsen argues that the district court erred in its instruction to the jury on the quantum of proof required for conviction under Counts Three, Four, Six and Seven.
 
 
 14
 Review of this issue is entirely barred under the invited error doctrine since the instruction was proposed by Larsen himself. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 V.
 
 15
 APPROPRIATENESS OF MANDATORY MINIMUM SENTENCING PROVISIONS
 
 
 16
 Larsen argues that the district court erred in imposing the mandatory sentence on defendant's Count Eight conviction. He contends that the jury might have been so confused by the various instructions that referred to "slight evidence" and "conspiracy",[2] that instead of convicting him on the aiding and abetting charge which appears in Count Eight, they actually convicted him on the basis of conspiracy. Larsen continues that at the time of sentencing, the crime of conspiracy (as set forth in 21 U.S.C. § 846) did not come under the aegis of the mandatory minimum sentencing provisions of § 841(b) and, therefore, the mandatory sentence imposed by the district court was in error.
 
 
 17
 The mere fact that the jury had to rule on charges of conspiracy with regard to Counts Three, Six and Seven, does not mean that they were confused as to Count Eight. Based on the evidence presented at trial, there was no reason to assume that the jury did not find Larsen guilty of Count Eight as an aider and abettor. Therefore, the district court did not err in imposing the mandatory minimum sentence for aiders and abettors required under 21 U.S.C. § 841(b).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Larsen's intent to distribute in the United States was not a factual issue at trial
 
 
 [2]
 Larsen was charged with conspiracy in violation of § 846 in Counts Three, Six and Seven