958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edwin BUFFALOHEART, Petitioner-Appellant,
v.
Manfred MAASS, Superintendant, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35357.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edwin Buffaloheart, an Oregon state prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Buffaloheart contends that the district court erred by dismissing his habeas petition because his waiver of counsel in the state trial court was involuntary. He argues that the state court judge forced Buffaloheart to proceed pro se by denying his request for substitution of counsel, thereby making him choose between his appointed counsel and representing himself. We disagree.
 
 
 4
 "In addition to being knowing and intelligent, a waiver of the right to counsel must also be voluntary." United States v. Robinson, 913 F.2d 712, 715 (9th Cir.1990) (quoting Patterson v. Illinois, 487 U.S. 285, 292 n. 4 (1988)), cert. denied, 111 S.Ct. 1006 (1991).
 
 
 5
 In Robinson, the defendant made the same argument as does Buffaloheart here, i.e., that his waiver of counsel was involuntary because the exercise of his right to counsel was conditioned upon acceptance of his appointed attorney as counsel, despite apparent disagreements with the attorney. In Robinson, this court held that the defendant's waiver of counsel was voluntary, observing that "there is no authority for the proposition that [the defendant] is entitled to an absolutely unconditional choice between exercising his right to counsel and his right to self representation." See id. A limitation on the range of a defendant's free choice with regard to appointed counsel is not constitutionally offensive and does not render a subsequent election of pro se status invalid. See id.; cf. Adams v. Carroll, 875 F.2d 1441, 1442 (9th Cir.1989) (the fact that a waiver of counsel is invoked only as an alternative to the appointment of a particular defense attorney does not make the waiver equivocal).
 
 
 6
 Moreover, Buffaloheart's contention that he was denied his Sixth Amendment right to assistance of counsel when the state trial court denied his motion to appoint substitute counsel is without merit.
 
 
 7
 We consider three factors when reviewing the denial of a motion to substitute counsel: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense. United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990) (citations and quotations omitted).
 
 
 8
 First, Buffaloheart made his motion for substitution of counsel on the day of trial, after the jury selection. This court has consistently upheld the denial of a motion for substitution when the request was made on the eve of trial. See, e.g., United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986); United States v. Rogers, 769 F.2d 1418, 1423-24 (9th Cir.1985); United States v. Michelson, 559 F.2d 567, 572 (9th Cir.1977). The state court did not err by denying Buffaloheart's motion for substitution of counsel under this factor. See Rogers, 769 F.2d at 1423-24.
 
 
 9
 Second, the record indicates that the judge conducted an extensive inquiry into Buffaloheart's reasons for his request for substitute counsel. Buffaloheart admits that the judge conducted an extensive inquiry, and the appellant does not indicate what more the judge could have done, other than to suggest that the judge should have granted the motion for substitution of counsel. We hold that the state court judge adequately inquired into Buffaloheart's complaint. See, e.g., McClendon, 782 F.2d at 789.
 
 
 10
 Finally, the attorney-client conflict in this case was not so great that it resulted in a total lack of communication preventing an adequate defense. See Walker, 915 F.2d at 480; see also United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986). The attorney met with Buffaloheart at the penitentiary, represented Buffaloheart on the date originally set for trial, and met with him the day before the continued trial. Although there may not have been perfect communication between the appellant and his attorney, the record does not indicate that there was a "total lack of communication preventing an adequate defense." See id.
 
 
 11
 Next, Buffaloheart contends that the state trial court's brief continuance of his trial, after Buffaloheart waived his right to counsel, violated his sixth and fourteenth amendment rights because the continuance did not provide him with adequate time to prepare his defense. The state trial court judge asked Buffaloheart how much time he would need to review his file, and explicitly told him he could have as much time as necessary. Buffaloheart agreed to the one-day continuance the judge granted him, and Buffaloheart nodded in the affirmative when he was asked if the continuance would be satisfactory. Thus, we find no error in the length of the continuance granted. See U.S. v. Bogard, 846 F.2d 563, 566 (9th Cir.1988).
 
 
 12
 Finally, Buffaloheart contends that the district court erred by dismissing his habeas petition because there was insufficient evidence to convict him of attempted rape. We disagree.
 
 
 13
 Evidence is sufficient to support a conviction if, considering the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 14
 Here, the victim testified that Buffaloheart ran up from behind her, grabbed her by her shirt, hair, and shoulder, and dragged her to a grassy area next to a car where no one could see them. The victim also testified that, during the struggle, she tried to kick him, and she could see that he had an erection. This is sufficient evidence from which a rational jury could find Buffaloheart guilty of attempted rape beyond a reasonable doubt. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3