967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gill Quinton MCDONALD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dartell Lamont WRIGHT, Defendant-Appellant.
 Nos. 91-30060, 91-30067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided June 5, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 Gill Quinton McDonald and Dartell Lamont Wright challenge their sentences under Rule 32 of the Federal Rules of Criminal Procedure. McDonald also contends that the Double Jeopardy Clause prohibited the district court from imposing consecutive sentences for his firearms offenses. We vacate both sentences and remand for resentencing.
 
 DISCUSSION
 A. Double Jeopardy Clause
 
 2
 Both Wright and McDonald were convicted of armed bank robbery and unlawful use of a firearm in violation of 18 U.S.C. §§ 2113(a), (d) and 924(c). McDonald also was convicted of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. McDonald now contends that the imposition of a consecutive sentence for the 18 U.S.C. § 924(c) offense violated the Double Jeopardy Clause as defined in Grady v. Corbin, 495 U.S. 508 (1990).
 
 
 3
 This contention is without merit. In determining multiplicity of offenses in a single prosecution, we must consider whether each count of the indictment requires proof of a fact that the others do not. Blockburger v. United States, 284 U.S. 299, 304 (1932). Here, the statutory elements of 18 U.S.C. § 2113(a) and (d) not required to be proved under § 924(c) include the taking of money from a bank and an assault or jeopardizing the life of another. See United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986). The statutory element of 18 U.S.C. § 924(c) not part of § 2113(a) and (d) is the use or carriage of a firearm. See id.
 
 
 4
 Moreover, the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). In 1984, Congress amended 18 U.S.C. § 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony, including 18 U.S.C. § 2113. S.Rep. No. 225, 98th Cong., 2d Sess. 312-13 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3490-91. Therefore, McDonald's convictions and consecutive sentences do not violate the Double Jeopardy Clause. See Gonzalez, 800 F.2d at 898.
 
 
 5
 B. Federal Rule of Criminal Procedure 32(c)(3)(D)
 
 
 6
 McDonald does not rest his appeal on the Double Jeopardy Clause alone, and joins Wright in his challenge to the accuracy of the presentence report. Their contentions are governed by Federal Rule of Criminal Procedure 32(c)(3)(D):
 
 
 7
 [T]he court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 8
 The rule further provides that a written record of the findings or determinations shall be attached to the presentence report. Fed.R.Crim.P. 32(c)(3)(D). Strict compliance with this rule is required, and "failure to comply will result in remand." United States v. Edwards, 800 F.2d 878, 881 (9th Cir.1986).
 
 
 9
 At their respective sentencings on December 14, 1990, both defendants clearly challenged statements in the presentence reports concerning enhancement for serious bodily injury under U.S.S.G. §§ 2B3.1(b)(3) and 1B1.1, comment. (n. 1(j)). Throughout each proceeding, the district court never stated that it would not consider these matters. Not only did the court neglect to attach its determinations to the reports, but it also failed to make any statements that could remotely qualify as findings under the rule.[1] We decline to infer findings from trial testimony, and accordingly vacate both sentences and remand for resentencing. See Edwards, 800 F.2d at 881-82.[2]
 
 
 10
 On remand, the district court should notify the parties of its tentative findings and provide a reasonable opportunity for the submission of objections before imposing sentence. See U.S.S.G. § 6A1.3(b). The record should clearly reflect its resolution of all disputed matters. See, e.g., United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989). The court may append to the presentence reports either: (1) a form containing its findings or determinations, or (2) the defendant's objections and a portion of the sentencing transcript indicating compliance with the rule. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 n. 4 (9th Cir.1990) (en banc).
 
 
 11
 SENTENCES VACATED; CASES REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 At Wright's sentencing, the district court entertained Wright's objections concerning serious bodily harm. After hearing from the government, the court merely stated: "It appears to the Court that the proper offense level under the guidelines is 22." [Wright Sentencing Transcript, December 14, 1990, at 1-8]
 At McDonald's sentencing, the district court similarly listened to arguments and stated: "It appears that your client, Mr. Quaintance, is an offense level 24, with a criminal history of four, and that's where I think he is, and the criminal history of offense level 24 results in a 77 to 96 month sentence." [McDonald Sentencing Transcript, December 14, 1990, at 1-12].
 
 
 [2]
 We find it unnecessary to address whether the government met its burden of proving enhancement