**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10481 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00914-FRZ-JCG-1 |
| v. | |
| NORMAN GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted January 15, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Norman Garcia was indicted on two counts of Assault with a Dangerous

Weapon, in violation of 18 U.S.C. §§ 113(a) and 1153(a), and one count of

Possession and Use of a Firearm in Relation to a Crime of Violence, in violation of

18 U.S.C. § 924(c)(1)(A)(iii). Following a joint trial with one co-defendant, the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jury convicted Garcia on all counts and the district court sentenced him to eleven years imprisonment. Garcia now appeals his conviction and sentence. The parties are familiar with the facts. We affirm.

Garcia contends that the district court erred by denying his motion to sever. The denial of a motion to sever is reviewed for abuse of discretion. *United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986). Garcia must show that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy." *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986). Garcia makes three arguments that he was unduly prejudiced by the joint trial: (1) that there was a disparity in the weight of the evidence offered against him and his co-defendant; (2) that the jury instructions were inadequate; and (3) that the confession of his co-defendant violated the rule in *Bruton v. United States*, 391 U.S. 123 (1968).

Each of these arguments fails. The jury could compartmentalize the evidence offered against the two defendants and thus Garcia was not prejudiced by a joint trial. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *see also United States v. Monks*, 774 F.2d 945, 949 (9th Cir. 1985). The trial judge gave clear instructions to the jury that neutralized any potential prejudice. *See Escalante*, 637 F.2d at 1201–02. Garcia's co-defendant testified at trial and was subject to

2

cross-examination, and therefore *Bruton* does not apply. *See Bruton*, 391 U.S. at 126-128.

Garcia also argues that there was insufficient evidence to prove the intent element of his assault conviction. We review a sufficiency of the evidence claim de novo. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). We must "determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The record contained sufficient facts from which the jury could infer that Garcia had the requisite intent. *See United States v. Birges*, 723 F.2d 666, 672 (9th Cir. 1984).

Next, Garcia contends that the district court should have instructed the jury regarding the lesser-included offense of simple assault even though he did not request it at trial. A challenge to the district court's failure to give a lesser-included offense instruction sua sponte is reviewed for plain error. *United States v. Parker*, 991 F.2d 1493, 1496 (9th Cir. 1993). "Plain error is found only in exceptional circumstances, when the error is highly prejudicial, affects substantial rights, and it is highly probable that it materially affected the verdict." *United States v. Sanchez*,

914 F.2d 1355, 1358 (9th Cir. 1990). The jury had ample evidence to convict Garcia for the charged offense and Garcia fails to establish that it is highly probable that a lesser-included instruction would have changed the verdict. *See id.* at 1358, 1360–61. There was no plain error.

Finally, Garcia argues that his consecutive sentences for convictions under 18 U.S.C. §§ 113(a)(3) and 1153(a) in addition to § 924(c) run afoul of the Double Jeopardy clause. Consecutive sentences do not violate the Double Jeopardy clause when "each count of the indictment requires proof of a fact that the other does not." *United States v. Gonzalez*, 800 F.2d 895, 897 (9th Cir. 1986) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Garcia's convictions satisfy the *Blockburger* test; Sections 924(c)(1)(A)(iii) and 113(a)(3) each require proof of at least one fact that the other does not.

**AFFIRMED.**