[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

————————————————

No. 96-4970
Non-Argument Calendar

————————————————

D. C. Docket No. 96-138-CR-EBD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ADAMS, a.k.a. David B. Adams,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(March 26, 1998)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Appellant David Adams was convicted of possession of a firearm by a
convicted felon, in violation of 18 U.S.C. § 922(g)(1). Adams appeals his conviction
on the ground that the government failed to produce any evidence that the firearm was

operable. After review, we affirm.

## FACTS

On January 13, 1996, Adams entered the Royal Pawn Shop in Miami, Florida with a Winchester 12 gauge pump shotgun. Adams testified that he went to the pawn shop to sell a VCR, but was approached by a stranger outside the pawn shop who asked Adams to pawn the shotgun. The stranger offered Adams half the proceeds of the sale and Adams agreed. Adams subsequently sold the shotgun to the attendant on duty at the pawn shop.

On February 16, 1996, Adams was indicted by a federal grand jury and charged with one count of possession of a firearm by a convicted felon.[1] At trial, the government presented two witness: (1) Joel Valasquez, the pawn shop attendant; and (2) Detective Gregory George of the Metro-Dade Police Department. Both witnesses testified that Adams sold the firearm in issue, but neither witness testified that the firearm was operable.

At the close of the government's case, Adams moved for a judgment of acquittal, arguing, inter alia, that the government failed to produce any evidence that the firearm in question was operable. The district court denied Adams's motion,

---

[1] The parties stipulated that Adams was convicted of a felony in Florida in October 1986, and that the shotgun was transported in interstate commerce.

stating "[t]here is something to what you say, counsel. But I believe the law in this Circuit indicates that you do not have to show that the firearm is tested . . . ."

DISCUSSION

Whether the government is required to show that a firearm is operable for purposes of § 922(g)(1) is an issue of first impression in this circuit. Our starting point is the language of the statute itself. See United States v. Wells, ___ U.S. ___, 117 S. Ct. 921, 926 (1997); United States v. McArthur, 108 F.3d 1350, 1353 (11th Cir. 1997); see also United States v. Fern, 117 F.3d 1298, 1305-06 (11th Cir. 1997).

Section 922(g)(1) prohibits a convicted felon from possessing a firearm, as follows:

> (g) It shall be unlawful for any person–
>
> > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

For purposes of § 922(g)(1), a firearm is defined to include any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, as follows:

3

(a) As used in this chapter–

(3) The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

18 U.S.C. § 921(a)(3).[2] Nothing in either § 922(g)(1) or § 921(a)(3) requires the government to show that the unlawfully possessed firearm is operable. Further, Adams fails to point anything in the legislative history of § 922(g)(1) which indicates that the unlawfully possessed firearm must be operable for purposes of the statute.

While this alone is sufficient to lead us to the conclusion that the government need not show that a firearm is operable for purposes of § 922(g)(1), we also note that every circuit addressing the issue has reached the same conclusion. See United States

---

[2]Adams also contends that the government failed to show that the firearm met the statutory definition of a weapon that "may readily be converted to expel a projectile . . . ." 18 U.S.C. § 921(a)(3). However, the statute defines a firearm as a weapon "*which will or is designed to* or may readily be converted to expel a projectile by the action of an explosive." Id. (emphasis supplied). The actual firearm was in evidence and the pawn shop attendant testified that this firearm was a "Winchester blue 12 gauge shotgun." This was sufficient evidence to prove beyond a reasonable doubt that the firearm was designed to expel a projectile. See United States v. Reed, 114 F.3d 1053, 1057 (10th Cir.), cert. denied, 118 S. Ct. 316 (1997); United States v. Munoz, 15 F.3d 395, 396 (5th Cir. 1994); see also United States v. Rouco, 765 F.2d 983, 996 (11th Cir. 1985) (construing similarly worded Florida statute, the court stated that "[t]estimony by an experienced federal law enforcement officer familiar with handguns that the defendant carried a .38 caliber pistol certainly authorized the jury to find that the defendant possessed a firearm, defined as a weapon 'designed to . . . expel a projectile.'").

v. Maddix, 96 F.3d 311, 316 (8th Cir. 1996) ("Title 18 U.S.C. § 921(a)(3) does not require a firearm to be operable."); United States v. Yannott, 42 F.3d 999, 1006 (6th Cir. 1994) ("[T]he law is clear that a weapon does not need to be operable to be a firearm."); United States v. Morris, 904 F.2d 518, 519 (9th Cir. 1990) ("The statute imposes no requirement that the gun be loaded or operable.") (quoting United States v. Gonzalez, 800 F.2d 895, 899 (9th Cir. 1986)); United States v. Perez, 897 F.2d 751, 754 (5th Cir. 1990) ("An inoperable firearm is nonetheless a firearm.").  We join these circuits and hold that the government was not required to show that the firearm was operable for purposes of § 922(g)(1).[3]

CONCLUSION

For the foregoing reasons, Adams's conviction under § 922(g)(1) is

AFFIRMED.

---

[3]Adams relies on United States v. Munoz, 15 F.3d 395 (5th Cir. 1995), and United States v. Reed, 114 F.3d 1053 (10th Cir. 1997), but neither case is applicable. Munoz did not address whether the firearm in issue had to be operable, but only whether the firearm met the statutory definition of a firearm.  Munoz, 15 F.3d at 396. Reed addressed only whether a defendant must know that the firearm he possesses meets the statutory definition of a firearm.  Reed, 114 F.3d at 1056-58.