**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 00-4119

JAMES REECE FIELDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-98-71-1)

Submitted: August 7, 2000

Decided: September 15, 2000

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Douglas Fleenor, Bristol Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Rick A. Mountcastle, Assistant United
States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Reece Fields was convicted by a jury of five counts of possession of a firearm by a convicted felon and being an armed career criminal in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000). Fields' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues that the evidence was insufficient as to four of the charges, but represents that there are no arguable issues of merit in this appeal. Fields has filed a pro se supplemental brief raising additional grounds for relief. We affirm.

Viewing the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), there was sufficient evidence to sustain the convictions. The Government properly relied on eyewitness testimony to establish that Fields possessed the firearms. See United States v. Anderson, 78 F.3d 420, 423 (8th Cir. 1996); United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990). The Government was not obligated to admit the firearms into evidence or demonstrate that the weapons were operable. See United States v. Adams, 137 F.3d 1298, 1229 (11th Cir. 1998); United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993).

Fields' pro se arguments regarding the prosecutor's performance and the sentencing computations have no merit. His claim of ineffective assistance of counsel is not cognizable on direct appeal because it does not plainly appear on the face of the record that counsel was ineffective. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). This claim should be brought in a proceeding under 28 U.S.C.A. § 2255 (West Supp. 2000).

In accordance with Anders, we have reviewed the entire record in this case and find no reversible error. We therefore affirm the convictions and sentences. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Fields in writing of his right to petition the Supreme Court of the United States for further review. If Fields requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion

2

must state that a copy thereof was served on Fields. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

,