[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2007
THOMAS K. KAHN
CLERK

No. 06-16293
Non-Argument Calendar

_____

D. C. Docket No. 06-00133-CR-2-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN LEE BURRELL,
a.k.a. Calvin Lee Black
a.k.a. Kelvin Burrell,
a.k.a. Kevin Burrell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 24, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Calvin Lee Burrell appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the evidence was insufficient to show: (1) that he was the individual who pawned the two firearms that are the subject of this charge; and (2) that the two rifles in question were "firearms" for purposes of § 922(g)(1).

This court reviews the sufficiency of the evidence *de novo*, to determine whether, viewing the evidence in the light most favorable to the government, any reasonable juror could have concluded that the defendant was guilty beyond a reasonable doubt. *United States v. Hunt*, 187 F.3d 1269, 1270 (11th Cir. 1999). To hold that the testimony of a government witness is incredible as a matter of law, we must find that the testimony is "unbelievable on its face," meaning that the facts to which the witness testified "physically could not have possibly [been] observed" or were "events that could not have occurred under the laws of nature." *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal quotations and citations omitted).

In order to convict Burrell of being a felon in possession of a firearm, the jury must have found three elements: "(1) that [he] was a convicted felon, (2) that [he] was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1297

(11th Cir. 2000). "For purposes of § 922(g)(1), a firearm is defined to include any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive." *United States v. Adams*, 137 F.3d 1298, 1300 (11th Cir. 1998). The government need not show that the firearm is operable to sustain a conviction. *Id.*

Because the evidence included, *inter alia*: (1) testimony from a pawn shop employee, who identified Burrell as the individual who pawned two firearms; (2) surveillance video of Burrell pawning the firearms; (3) pawn documents containing Burrell's signature; and (4) expert testimony stating that the items that Burrell pawned were firearms, the evidence was sufficient to permit a reasonable juror to convict Burrell. Accordingly, we affirm the conviction.

**AFFIRMED.**