[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

No. 07-14766
Non-Argument Calendar
_____

D. C. Docket No. 07-20400-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR JUNIOR GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Arthur Junior Green appeals from his convictions and 220-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute five grams or more of cocaine base

("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Green argues that: (1) sufficient evidence did not support his convictions; (2) the district court erred in admitting expert testimony regarding the gross weight of the drugs and packaging seized by the police; (3) the district court erred in refusing to instruct the jury that the government needed to prove that he willfully violated the law in regard to his conviction for possession with intent to distribute cocaine base; (4) the district court plainly erred in sentencing him as a career offender; and (5) the district court's judgment contains a clerical error regarding his sentence on count one, necessitating a limited remand to correct the error. After thorough review, we affirm in part, vacate in part as to the clerical error in Green's sentence, and remand with instructions.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the verdict. United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005). If a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt, the evidence is sufficient to support a conviction even if evidence might also support a defendant's theory of innocence. United States v. Tinoco, 304 F.3d 1088, 1122 (11th Cir. 2002).

"We review cases dealing with discovery violations under Fed. R. Crim. P. 16 using an abuse of discretion standard." United States v. Hastamorir, 881 F.2d 1551, 1559 (11th Cir. 1989). A Rule 16 violation "is reversible error only when it violates a defendant's substantial rights." United States v. Camargo-Vergara, 57 F.3d 993, 998 (11th Cir. 1995). "Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury." Id. at 998-99. We also review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Palma, 511 F.3d 1311, 1314-15 (11th Cir. 2008). "We will find reversible error only if (1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." Id. at 1315 (quotations omitted).

"A sentencing issue not raised in the district court is reviewed for plain error." United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999). Under the plain error standard, we will correct an error only if there is: (1) error; (2) that is plain or obvious; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006). An

3

error is plain or obvious only if it is "clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). An error is not clear under current law if no binding decisions from this Court or the Supreme Court in materially similar cases resolve the issue, and other circuits are split on the issue. Id.

First, we find no merit to Green's contention that sufficient evidence did not support his convictions. Possession with intent to distribute crack cocaine under 21 U.S.C. § 841(a)(1) is proven by evidence showing a defendant's (1) knowing or intentional (2) possession of a controlled substance (3) with intent to distribute that substance. 21 U.S.C. § 841(a)(1). "Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." United States v. Poole, 878 F.2d 1389, 1392 (11th Cir. 1989). Other relevant circumstances include the defendant's possession of a firearm, a large amount of cash, or an implement, like a razor blade, used to cut up drugs. United States v. Marszalkowski, 669 F.2d 655, 662 (11th Cir. 1982); United States v. Wilson, 183 F.3d 1291, 1299 (11th Cir. 1999). In addition, a defendant's denial of guilt in his trial testimony, "if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." United States v.

4

Brown, 53 F.3d 312, 314 (11th Cir. 1995) (emphasis in original). In such a case, where some corroborative evidence exists for the charged offense, the defendant's testimony may establish the elements of the offense. Id. at 314-15.

Here, sufficient evidence supported Green's conviction for possession with intent to distribute cocaine base. As an initial matter, Green does not challenge the sufficiency of the evidence with regard to his knowing possession of crack cocaine. Direct and circumstantial evidence proved the remaining element of the offense -- intent to distribute -- by showing that Green spontaneously admitted to a federal agent that he was a drug dealer, he made multiple statements regarding the quantity of the crack cocaine seized, police seized from his pocket numerous baggies filled with individual crack cocaine rocks, a gun was found in his vehicle, and the jury was entitled to reject his testimony that he was not a drug dealer.

We likewise conclude that sufficient evidence supported his remaining convictions. A 18 U.S.C. § 922(g)(1) conviction requires evidence to show that: (1) the defendant knowingly possessed a firearm; (2) the defendant was previously convicted of an offense punishable by a term of imprisonment exceeding one year; and (3) the firearm was in or affecting interstate commerce. Palma, 511 F.3d at 1315. A 18 U.S.C. § 924(c) conviction requires evidence to show that the defendant: "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug

5

trafficking crime for which he could be prosecuted in a court of the United States." United States v. Woodard, 531 F.3d 1352, 1362 (11th Cir. 2008).

The first element under both §§ 922(g)(1) and 924(c) -- knowing possession of a firearm -- may be proved by evidence of either actual or constructive possession. See United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). A defendant has construction possession if he has "ownership, dominion, or control" over the firearm itself, or the vehicle in which the firearm is located. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (quotation omitted). In Wright, we found sufficient evidence to support knowing possession where: (1) police found the firearm in the defendant's vehicle; (2) the firearm was located under the seat in which the defendant was sitting; (3) the defendant resisted arrest; and (4) the defendant made a vague threat to the police during his arrest. Id. at 1273-74.

For purposes of §§ 922(g)(1) and 924(c), a firearm includes "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A). We have held that a firearm met the statutory definition where the evidence included: (1) the actual firearm; and (2) a witness testified that the firearm was a "Winchester blue 12 gauge shotgun." United States v. Adams, 137 F.3d 1298, 1300 n.2 (11th Cir. 1998). The government need not to prove that the firearm is operable. Id. at 1300.

The "in furtherance" element of a § 924(c) offense requires proof of a nexus between the firearm and the drug trafficking offense. United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006). Factors relevant to the nexus between the firearm and a drug crime include: (1) the accessibility of the firearm to the defendant; (2) the proximity of the firearm to the drugs or drug profits; (3) the status of the possession (legal or illegal); and (4) the circumstances under which the gun was found. United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002). A jury may infer that the purpose of a firearm located near drugs was to provide defense or deterrence in furtherance of a defendant's drug trafficking activity. United States v. Miranda, 425 F.3d 953, 962 (11th Cir. 2005).

The evidence here demonstrated each of the elements Green now contests. As for his knowing possession of the gun found in his vehicle under both §§ 922 and 924, there was evidence that Green purchased the vehicle in which the gun was found over a week before his arrest, he was driving the vehicle before the gun was found, and the gun was found under the driver's seat, which was readily accessible to him. At a minimum, this evidence showed that Green constructively possessed the firearm because he had dominion and control over the vehicle in which it was found. Moreover, Green testified that he was unaware of the gun and that the police placed it in his vehicle, and the jury was entitled to believe the opposite.

7

The evidence further demonstrated that the gun met the statutory definition of a firearm found in 18 U.S.C. § 921(a)(3). The gun was admitted into evidence, an expert testified that it was a Smith & Wesson pistol designed to expel a projectile by the action of an explosive, and it did not appear to be counterfeit. The jury was free to credit this testimony and find that the gun was a firearm under the statute, despite Green's theory that the gun may have been counterfeit.

The evidence also established that, under § 924(c), Green possessed the firearm "in furtherance" of a drug trafficking crime: (1) the gun was found in his vehicle, under the driver's seat; (2) he was driving the vehicle; (3) he was carrying a bag of individually packaged crack cocaine rocks on him; and (4) he admitted to dealing drugs and said it was a dangerous profession. And, as discussed above, evidence proved that Green committed a drug trafficking crime for the purposes of his § 924(c) conviction. Because he does not challenge any remaining elements of the firearm offenses, sufficient evidence supported these convictions.

Second, we are unpersuaded by Green's claim that the district court erred in admitting expert testimony regarding the gross weight of the drugs and packaging seized by the police. Rule 16 provides that the government must disclose to the defendant, upon request, a written summary of any expected expert testimony. Fed. R. Crim. P. 16(a)(1)(G). But even assuming, arguendo, that the government's

mid-trial disclosure of the expert report violated Rule 16, the record does not indicate that Green was substantially prejudiced.

According to the record, Green's only problem with the expert testimony was that it countered one of his lines of cross examination and supported a federal agent's testimony. At trial the jury heard testimony regarding three different estimates of the weight of the drugs seized from Green: (1) 21 grams, which was Green's own estimate of the weight, according to Agent Rathel, or "it's not going to be 28," according to Detective Bello; (2) 9.7 grams, which was the net weight of a sample of the drugs, according to the expert; and (3) 27.8, which was the gross weight of the drugs and baggies, according to the expert. The expert testimony simply dispelled any confusion between the 9.7 grams and 21 grams -- which were based on different measurements -- by explaining how the expert arrived at the 9.7 gram figure, without any regard to her testimony regarding the gross weight of the drugs and baggies, the 27.8 gram figure. Because defense counsel was on notice that an expert would testify regarding the 9.7 gram figure and how she came up with that figure, the additional testimony regarding the corrected 27.8 gram figure did not prejudice Green by impairing his counsel's ability to formulate a defense strategy. The district court therefore did not abuse its discretion in admitting the disputed expert testimony.

9

Third, we reject Green's contention that the district court erred in refusing to instruct the jury that the government needed to prove that he "willfully" violated the law to establish possession with intent to distribute cocaine base. As we note above, the elements of a § 841(a)(1) offense are (1) knowing or intentional (2) possession of a controlled substance (3) with intent to distribute that substance. 21 U.S.C. § 841(a)(1). Based on this statutory language, we have long required the government to prove "beyond a reasonable doubt that [a defendant] knowingly possessed [a controlled substance], either actually or constructively, and that he intended to distribute it," United States v. Cruz-Valdez, 773 F.2d 1541, 1544 (11th Cir. 1985) (en banc) (citing United States v. Littrell, 574 F.2d 828, 835 (5th Cir. 1978)) -- without imposing any "willfulness" element into the statute. This makes sense, because the statutory language makes no reference to willfulness, nor to an intent to violate the law, as a mens rea requirement. See 21 U.S.C. § 841(a)(1) ("it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance.").

Accordingly, under the plain language of § 841(a)(1), a defendant must knowingly or intentionally possess with intent to distribute a controlled substance. Green does not identify any binding case law holding that willfulness -- defined as

10

a specific intent to disobey the law -- is an element of a § 841(a)(1) crime.[1]

Consistent with the statutory language and case law, the district court rejected Green's proposed instruction and instead instructed the jury that a conviction on count two required proof that Green "knowingly and intentionally" possessed with intent to distribute cocaine base. It then correctly defined a knowing and intentional act as one that was committed voluntarily and purposefully, and not by mistake or accident. The district court therefore did not abuse its discretion in instructing the jury.

Fourth, we conclude that the district court did not plainly err in sentencing Green as a career offender. A defendant qualifies as a career offender, under U.S.S.G. § 4B1.1, if: (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime or violence or a drug offense; and (3) he has at least two prior felony

---

[1] Indeed, our prior precedent has long held that a § 841(a)(1) conviction requires evidence that a defendant "knowingly" or "intentionally" possess a controlled substance with intent to distribute, merely tracking the language of the statute. In Cruz-Valdez, our en banc court held that the government must prove that a defendant "knowingly possessed" a controlled substance. 773 F.2d at 1544; accord United States v. Alvarez, 837 F.2d 1024, 1027 (11th Cir. 1988). Similarly, in Cauchon v. United States, 824 F.2d 908, 912 (11th Cir. 1987), we held that "there must have been sufficient evidence for a reasonable juror to find that appellant (1) knowingly or intentionally (2) manufactured MDA." (emphasis in original). To the extent that United States v. Anderson, 289 F.3d 1321 (11th Cir. 2002), is read to say that willfulness is a required element of § 841(a)(1) -- and it is not at all clear to us that Anderson holds that willfulness is a required element -- we are bound by earlier case precedent. See United States v. Levy, 379 F.3d 1241, 1245 (11th Cir. 2004) ("where there is conflicting prior panel precedent, we follow the first in time").

convictions of either a crime of violence or a drug offense. U.S.S.G. § 4B1.1(a).

A "crime of violence" means any federal or state offense punishable by imprisonment in excess of one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). To determine whether a crime is a "crime of violence," we use a categorical approach, "consider[ing] the offense as defined by the law, rather than considering the facts of the specific violation." United States v. Archer, 531 F.3d 1347, 1350 (11th Cir. 2008).

Because we have observed that the definition of "crime of violence" from § 4B1.2 is nearly the same as the ACCA's definition of "violent felony," id. at 1350 n.1, the Supreme Court's decision in Begay v. United States, 128 S.Ct. 1581 (2008), interpreting the "violent felony" provision, is instructive in the career offender context. In Begay, the Court determined that violent felonies included crimes that "present[ed] a serious potential risk of physical injury," only to the extent that such crimes were "roughly similar, in kind as well as in degree of risk posed," to the enumerated crimes -- burglary, arson, extortion, and use of explosives. Id. at 1585. The Court noted that "[t]he listed crimes all typically

12

involve purposeful, 'violent,' and 'aggressive' conduct." Id. at 1586. The Court then applied that standard to felony driving under the influence ("DUI") and held that that crime did not qualify as a violent felony. Id. at 1587. It observed that statutes forbidding driving under the influence "typically do not insist on purposeful, violent, and aggressive conduct," and rather, are comparable to strict liability crimes. Id. at 1586. The Court recognized that although a person might drink on purpose, the crime of felony DUI did not require purposeful or deliberate conduct, and instead, could involve mere negligence or recklessness. Id. at 1587.

Green was convicted of throwing a deadly missile, in violation of a Florida law creating a felony if a person "wantonly or maliciously . . . throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm," at a building, vehicle, train, boat, or aircraft, occupied or unoccupied. Fla. Stat. § 790.19. The intent element is defined as follows:

> 'Wantonly' means consciously and intentionally, with reckless indifference to consequences and with the knowledge that damage is likely to be done to some person.

> 'Maliciously' means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury or damage will or may be caused to another person or the property of another person.

State v. Kettell, 980 So.2d 1061, 1067 (Fla. 2008).

13

Based on these definitions, the Florida crime of throwing a deadly missile plainly passes the threshold test of the second definition of a crime of violence, under § 4B1.2(a)(2), because it requires that the offender's conduct present a serious potential risk of physical injury to another. Moreover, the crime arguably qualifies as a crime of violence because it is roughly similar to the crimes listed in § 4B1.2(a)(2) in that it involves purposeful and deliberate conduct aimed at property where persons might be located and thereby injured. Although Florida law references reckless indifference as part of its definition of "wantonness," it also appears to require an intentional act done with knowledge of the risk of harm it could cause to another as part of its definitions of wantonness and maliciousness. This contrasts with the crime of felony DUI, which typically requires a only reckless action, and <u>Begay</u> therefore does not resolve the question.

Green does not identify any binding case law from this Court, or a settled line of cases from other circuits, addressing whether the crime of throwing a deadly missile is a crime of violence. We therefore conclude that because the issue is unresolved, the district court's finding that Green's prior crime was a crime of violence was not, and could not have been, plain error.

Last but not least, we do agree with the parties that the district court's judgment contains a clerical error regarding Green's sentence on count one.

14

"[W]hen the orally-imposed sentence differs from the written order of judgment, the oral sentence controls." United States v. Jones, 289 F.3d 1260, 1264 n.5 (11th Cir. 2002). If the district court's judgment contains a clerical error, we will vacate and remand with instructions that the district court correct the error. United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006).

The parties agree and the record demonstrates that the district court's judgment improperly said that Green's sentence for count one was 160 months' imprisonment, whereas the district court orally imposed a 120-month sentence, on count one. Accordingly, we affirm Green's convictions and sentence, but vacate and remand for the limited purpose of correcting the clerical error in the judgment regarding the length of his sentence on count one.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**