[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10851
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00007-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO MCNEALY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2014)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Alphonso McNealy of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced him to 240 months in prison, which reflected a 22-month

downward variance from the applicable guideline range.  On appeal, McNealy argues that: (1) the evidence was insufficient for a conviction; (2) the district court erred by failing to give the jury a supplemental instruction, pursuant to Allen v. United States, 164 U.S. 492 (1896), after the jury informed the court that it was deadlocked; and (3) his 240-month sentence was unreasonable.[1]  After thorough review, we affirm.

We review the denial of a defendant's motion for judgment of acquittal de novo.  See United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994).  We generally review a properly preserved challenge to the district court's decision not to give an Allen charge for abuse of discretion.  See United States v. Bush, 727 F.3d 1308, 1320 n.6 (11th Cir. 2013), cert. denied, 134 S.Ct. 967 (2014); United States v. Morris, 20 F.3d 1111, 1114 (11th Cir. 1994).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by McNealy's claim that the district court erred by denying his motion for judgment of acquittal on sufficiency of the evidence grounds.  The Due Process Clause protects the accused against conviction except

---

[1] McNealy abandoned the remaining issues cited in his "Statement of the Issues" because he failed to elaborate any arguments in support of them. United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he is charged.  In re Winship, 397 U.S. 358, 364 (1970).  However, to uphold the denial of a motion for judgment of acquittal, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt.  United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001).  We view the facts and draw all reasonable inferences therefrom in the light most favorable to the government.  Id.

A jury is free to choose among reasonable constructions of the evidence. United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983).  The fact that a witness has consistently lied in the past, engaged in various criminal activities, or thought that his testimony would benefit him does not make his testimony incredible.  United States v. Thompson, 422 F.3d 1285, 1291 (11th Cir. 2005).  To be considered incredible as a matter of law, testimony "must be unbelievable on its face, i.e., testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature."  Id. (quotation and alteration omitted).

To prove possession of a firearm by a convicted felon, in violation of § 922(g)(1), the government must prove three elements:  "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce."  United States v.

3

Beckles, 565 F.3d 832, 841 (11th Cir. 2009) (quotation omitted). The government need not show that the firearm was operable. United States v. Adams, 137 F.3d 1298, 1299-1300 (11th Cir. 1998).

Here, sufficient evidence supported the jury's guilty verdict. First, McNealy stipulated that he was a convicted felon and that his civil rights had not been restored, and the government offered evidence that the gun at issue had traveled in interstate commerce. Next, Latanya Catchings and Joeneather Singletary testified that, on the night at issue: (i) McNealy was at Catchings's apartment; (ii) Singletary and McNealy were arguing; and (iii) during the course of the argument, McNealy pointed a gun at both Singletary and Catchings. Singletary identified the gun McNealy had pointed at her, and Catchings said that the gun looked like the gun McNealy had pointed at Singletary. Singletary added that McNealy fired the gun while he was pointing it at her; officers responded to a report that gunshots had been fired at the apartment complex where Catchings lived; and Catchings said she heard a gunshot after she exited her apartment. Further, at the apartment, officers found a gun, a spent shell casing, and what looked like a bullet hole in the wall.

As for his claim that Catchings and Singletary were not credible witnesses, since they were reluctant to testify and the government allegedly questioned them harshly, it is unavailing. As we've said, we do not assess the credibility of testimony in reviewing the sufficiency of the evidence unless the testimony is

4

unbelievable on its face, which is not the case here. McNealy's arguments regarding inconsistencies in the police officers' testimony are also unavailing, because the jury was exposed to the apparent inconsistencies and it was free to reasonably credit or discredit the officers' testimony. As for McNealy's argument that the government failed to prove that the gun at issue was operable, the government was not required to establish that a firearm was operable to prove a violation of § 922(g)(1). Finally, in light of the substantial evidence of McNealy's guilt, there is no merit to his claim that the government was required to inform the jury of the results of the gunshot residue test and fingerprint the gun.

Next, we decline to review McNealy's claim that the district court abused its discretion by failing to give an Allen charge. Under Allen, if a jury is unable to reach a verdict, a district court may give a supplemental charge instructing each juror to reexamine his or her own view of the evidence in light of the arguments of the other jurors. 164 U.S. at 501. However, "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (quotation omitted). If a party responds to a court's proposed jury instruction with the words "the instruction is acceptable to us," that action constitutes invited error and waives the party's right to challenge the accepted instruction on appeal. United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005) (quotation

5

omitted); see also Jernigan, 341 F.3d at 1290 (finding that a defendant invited any error related to the admission of evidence where the government told the court that the parties had agreed to introduce a recording, the court asked if "everybody [was] agreeable to that," and the defendant responded, "Yes, your Honor").

In this case, McNealy invited any error by the district court in failing to give the jury a modified Allen charge. The record reveals that when the district court proposed giving an Allen charge after the jury informed the court that it could not reach a verdict, McNealy affirmatively requested that the court allow the jury to continue deliberations without any supplemental instruction. Accordingly, we decline to review this issue on appeal.

Finally, we reject McNealy's claim that his 240-month sentence is unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,[2] selecting a sentence based on clearly

---

[2]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a within-guidelines sentence to be reasonable, we ordinarily

expect it to be.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence imposed well below the statutory maximum penalty also indicates reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, McNealy has not demonstrated that the district court's decision to sentence him to 240 months in prison -- which reflected a 22-month variance below the applicable guideline range -- was unreasonable.  On appeal, he argues only that the 240-month sentence was harsh and that district courts have discretion to grant a significant downward variance if a defendant's mental health condition significantly mitigates his criminal culpability.  He has not, before the district court or on appeal, said what sentence he believes would be reasonable, nor, on appeal, has he said why the district court's chosen sentence was an abuse of discretion.

As the record shows, the sentencing court acknowledged McNealy's request for a downward variance in light of his mental health issues and said that it would grant a "small variance" on that basis.  However, the court also noted its concern with both "the offense of conviction and the circumstances surrounding it" and McNealy's significant criminal history.  Moreover, the sentence was below both the applicable guideline range and the statutory maximum under § 924(e)(1) of life imprisonment.  See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).  Accordingly, we cannot say that the district court's decision to sentence McNealy to 240 months in prison was unreasonable.

**AFFIRMED.**