[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11571
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20617-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MUFASA WILSON SEJOUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2018)

Before WILLIAM PRYOR, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Mufasa Wilson Sejour appeals his convictions for robbery under the Hobbs

Act and brandishing a firearm in furtherance of a crime of violence.  He contends

his robbery conviction is unconstitutional because the evidence was insufficient to

show the robbery had a significant effect on interstate commerce.  In addition, he

contends the evidence was insufficient to show he brandished a firearm in

furtherance of the robbery, because the government did not prove the shotgun he

used was a firearm for purposes of the statute.  After review,[1] we affirm.

## I.  DISCUSSION

### A.  Interstate Commerce

Sejour first contends his robbery did not have a large enough effect on

interstate commerce to support federal jurisdiction under the Hobbs Act and the

Commerce Clause.  Under the Hobbs Act, "[w]hoever *in any way or degree*

obstructs, delays, or affects commerce or the movement of any article or

---

[1] We typically review challenges to the sufficiency of the evidence de novo, "consider[ing] the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."  *United States v. Friske*, 640 F.3d 1288, 1290–91 (11th Cir. 2011).  We cannot overturn a jury's verdict "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  *Id.* at 1291.  Our review is even more deferential where, as here, the defendant did not seek a judgment of acquittal on the specific grounds advanced on appeal.  In such cases, we review only for plain error.  *See United States v. Leon*, 841 F.3d 1187, 1196 (11th Cir. 2016); *United States v. Joseph*, 709 F.3d 1082, 1103 (11th Cir. 2013).  Likewise, we review only for plain error an as-applied challenge to a criminal statute raised for the first time on appeal.  *See United States v. Smith*, 459 F.3d 1276, 1282–83 (11th Cir. 2006).  For an error to be plain in this context, there must be a binding statute, rule, or precedential decision directly resolving the issue.  *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005).

commodity in commerce, by robbery [is liable]."  18 U.S.C. § 1951(a) (emphasis added).  This language "indicates Congress's intent to invoke its full authority under the Commerce Clause."  *United States v. Gray*, 260 F.3d 1267, 1275 (11th Cir. 2001).  We have repeatedly held that, consistent with broad federal authority to regulate commerce, the Government need only "establish a minimal effect on interstate commerce to support a violation of the Hobbs Act."  *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000); *see also United States v. Dean*, 517 F.3d 1224, 1228 (11th Cir. 2008) ("[T]he government is only required to establish a minimal effect on interstate commerce." (quotation omitted)); *Gray*, 260 F.3d at 1276 ("[I]t is of no moment to the analysis whether the effect is characterized as 'direct' or indirect'—if the defendant's conduct had a *minimal* effect on commerce, nothing more is required.").

We also have held that depleting the assets of a business engaged in interstate commerce, even if only by a few hundred dollars, is sufficient to satisfy the jurisdictional requirement.  *See United States v. Guerra*, 164 F.3d 1358, 1361 (11th Cir. 1999) (stating that the defendant's taking $300 from a service station was sufficient to invoke federal jurisdiction and citing the $170 taken in a previous case in which we also found jurisdiction); *see also Rodriguez*, 218 F.3d at 1244 ("[A] mere depletion of assets of a business engaged in interstate commerce will meet the requirement.").

3

Here, the jury was presented with evidence that Sejour took $200 from the gas station, that the gas station sold products originating from outside Florida, that the gas station accepted credit cards used in interstate commerce, and that the gas station turned away several customers while it was closed for about an hour because of the robbery.  Based on that evidence, a jury could infer beyond a reasonable doubt that Sejour's conduct had at least a minimal effect on interstate commerce.  At the very least, it was not plain error for the jury to so conclude.  And without binding precedent directly resolving the constitutional question in Sejour's favor, applying the Hobbs Act to his conduct could not have been plain error.  *See United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005).

## B.  Brandishing a Firearm

Sejour next contends there was insufficient evidence for the jury to conclude the shotgun he used during the robbery was actually a firearm.[2]  Specifically, Sejour asserts: (1) there were no shots fired; (2) no fact witnesses testified Sejour used "an actual firearm"; and (3) no expert witnesses testified that Sejour's shotgun was "designed to or readily convertible to expel a projectile by the action

---

[2] Sejour also contends his conviction for brandishing a firearm in furtherance of a crime of violence should be overturned because his conviction for the predicate crime of violence (robbery under the Hobbs Act) was unlawful.  Because we reject the challenge to his conviction under the Hobbs Act, his derivative challenge to the conviction for brandishing a firearm necessarily fails.

4

of an explosive."  Br. of Appellant at 22 (quoting *United States v. Adams*, 137 F.3d 1298, 1300 n.2 (11th Cir. 1998)).  This argument has no merit.

In *Adams*, the case cited by Sejour, we found the evidence was sufficient where the firearm at issue was in evidence, and a lay witness testified it was a "Winchester blue 12 gauge shotgun."  137 F.3d at 1300 n.2.  Here, two witnesses testified Sejour was carrying a shotgun when he entered the gas station. Surveillance video showed Sejour racking the shotgun, which expelled a 20-guage shotgun shell, before pointing it at the gas-station attendant.  The shotgun found in Sejour's vehicle, loaded with four 20-guage shotgun shells, was admitted into evidence.  And a police detective who was familiar with shotguns explained how Sejour's shotgun operated and identified it as a Mossberg 500C.  This evidence was sufficient to prove beyond a reasonable doubt that Sejour brandished a firearm in furtherance of the robbery.

## II.  CONCLUSION

Applying the Hobbs Act to Sejour's robbery was not plain error, and the evidence was sufficient for the jury to conclude the robbery had at least a minimal effect on interstate commerce.  The evidence also was sufficient to conclude Sejour brandished a firearm in furtherance of the robbery.

**AFFIRMED.**