UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy Leon MORRIS,
Defendant–Appellant.

No. 89–30132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1990.

Decided May 31, 1990.

J. Mayo Ashley, Helena, Mont., for defendant-appellant.

Robert Brooks, Asst. U.S. Atty., Butte, Mont., for plaintiff-appellee.

Before WALLACE, HALL and WIGGINS, Circuit Judges.

PER CURIAM:

Morris appeals from his conviction on three counts: for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (counts I and II), and making a false statement to a United States magistrate, in violation of 18 U.S.C. § 1001 (count III). The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

The gun which is the basis of count I was seized after the officer saw it in plain view. It is well-established that in order for a plain view seizure to be valid, "(1) there must be a legitimate prior justification for the officer's presence, (2) the discovery must be 'inadvertent,' and (3) it must be 'immediately apparent to the police

that they have evidence before them.'" *United States v. Limatoc,* 807 F.2d 792, 795 (9th Cir.1987). Here, requirements 2 and 3 are clearly met. As regards requirement 1, the officer's justification is based upon entry by a search warrant.

 Assuming the district court is correct that the search warrant was improperly issued, we agree with the district court that *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies. Two requirements are necessary for *Leon* to apply: (1) the officer must have conducted the search in objective good faith on the magistrate's issuance of the warrant, and (2) the suppression of the evidence would not deter unlawful police conduct. *Id.* at 920–21, 104 S.Ct. at 3419. The record shows nothing other than that the officers acted in good faith. Moreover, it is clear to us that when an officer acts in good faith and seizes evidence in plain view, suppression of that evidence would not deter future unlawful police conduct. Thus, we conclude that the district court did not err in applying *Leon,* and that, therefore, it also did not err in denying the motion to suppress the evidence of the gun in count I.

Morris contends that the gun in count II does not qualify for conviction because it has not been demonstrated that the derringer pistol he possessed was a firearm under 18 U.S.C. § 922(g)(1) or that the pistol traveled in interstate commerce.

Section 921(a)(3) defines a firearm as any weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). "The statute imposes no requirement that the gun be loaded or operable." *United States v. Gonzalez,* 800 F.2d 895, 899 (9th Cir.1986). Clearly, there was sufficient evidence for the derringer to qualify. In addition, the government produced evidence that no guns are manufactured in Montana, except certain handmade black powder weapons. Consequently, the evidence was sufficient that the gun must have traveled in interstate commerce.

Finally, Morris contends that the evidence is insufficient to prove that he intentionally made a false statement to the United States magistrate. The government only needed to prove that Morris's statement to the magistrate regarding the value of his assets was made intentionally and with knowledge that it was false. *United States v. Vaughn,* 797 F.2d 1485, 1490 (9th Cir.1986). On the day of his arrest, Morris claimed in a financial affidavit that his property was worth $4,000. The next day, in a written statement of assets providing security for his release, essentially the same property was listed as worth $42,000 to $45,000. Clearly, the evidence was sufficient.

AFFIRMED.