*852
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be reversed and the informations dismissed.
 

 Defendant has been convicted of five counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4] [possession of a rifle or shotgun by one having a prior conviction of a felony or serious offense]). He raises several points but the dispositive issue on this appeal is whether the evidence was legally sufficient in the absence of proof that the weapons were operable. Concededly, the People did not establish operability. They contend the statute does not require them to do so.
 

 Although the statute is silent on the point, it is now accepted that to establish criminal possession of a handgun the People must prove that the weapon is operable
 
 (see,
 
 Penal Law § 265.01 [1];
 
 People v Grillo,
 
 15 AD2d 502,
 
 affd
 
 11 NY2d 841;
 
 People v Lugo,
 
 161 AD2d 122;
 
 People v Actie,
 
 99 AD2d 815;
 
 People v Donaldson,
 
 49 AD2d 1004, 1005;
 
 and see, People v Saunders,
 
 85 NY2d 339, 342;
 
 People v Cavines,
 
 70 NY2d 882, 883). It appears that the courts have assumed the same rule applies to criminal possession of rifles and shotguns under Penal Law § 265.01 (4)
 
 (see, Matter of Jermaine M.,
 
 188 AD2d 336, 337;
 
 People v Padron,
 
 118 AD2d 599;
 
 People ex rel. Walker v Hammock,
 
 78 AD2d 369;
 
 see also, People v Walston,
 
 147 Misc 2d 679). Requiring proof of operability for the two offenses is reasonable because there is no functional difference between a handgun and a rifle or shotgun, and no principled reason to treat them differently in this respect for purposes of the criminal possession statutes. Both are capable of inflicting serious injury or death only if operable and both are appropriately regulated under those circumstances. The additional element in subdivision (4), a prior felony or serious offense, is not a limitation substituting for operability but, because rifles and shotguns are widely used by hunters and target shooters, it is a provision narrowing the class of offenders to those with a prior serious criminal history who reasonably present a public danger. Accordingly, we hold that to establish a violation of Penal Law § 265.01 (4), the People must establish that the defendant possessed an operable rifle or shotgun after having previously been convicted of a felony.
 

 Respondent’s reliance on
 
 People v Shaffer
 
 (66 NY2d 663) is misplaced. That case involved a revolver, not a rifle or shot
 
 *853
 
 gun, and the court’s inquiry addressed the sufficiency of the proof that the revolver was a "deadly weapon”, i.e., a weapon that was both operable and loaded with live ammunition
 
 (see,
 
 Penal Law § 10.00 [12]). The focus of the analysis was on whether the ammunition was live; the sufficiency of the proof of the revolver’s operability was not at issue.
 

 In view of our disposition, we do not address defendant’s remaining points.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacos a, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.