◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN N. ROWLAND, Appellant. [787 NYS2d 741]—

Peters, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 8, 2004, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant was charged with grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the fourth degree as a result of an incident in which he stole a rifle from a coworker. After a jury trial, he was convicted of criminal possession of a stolen property in the fourth degree.

On appeal, defendant contends that County Court committed reversible error in its charge to the jury. After County Court determined that "operability" was a necessary finding to convict defendant of the crime of criminal possession of stolen property in the fourth degree (*see* Penal Law § 165.45 [4]), it instructed the jury by reading the definition of a rifle as detailed in the Penal Law (*see* Penal Law § 265.00 [11]).* It, however, refused to grant defendant's additional request to include the words "[u]nder this Count, the

---

* A rifle is "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a

rifle need not be loaded, but it must be operable. To be operable, the rifle must be capable of discharging ammunition." When County Court asked defendant for the source of his request, counsel advised that such language is contained in the pattern criminal jury instruction on "Criminal Possession of a Weapon in the Fourth Degree, in violation of Section 265.01 (4) of the Penal Law" (see CJI2d[NY] Penal Law § 265.01 [4]). Counsel also explained that the pattern criminal jury instruction had been revised to include this language following the Court of Appeals decision in *People v Longshore* (86 NY2d 851 [1995]). The People contended that the definition of a rifle "covers its operability"; County Court agreed.

Defendant's application should have been granted. It is well settled that "all the elements of an indicted crime which are not conceded by defendant or defendant's counsel must be charged" (*People v Flynn*, 79 NY2d 879, 881 [1992]). Operability is a required element of the crime of criminal possession of a handgun, rifle or shotgun (see *People v Longshore, supra* at 852; *People v Burdash*, 102 AD2d 948, 950 [1984]). For this reason, County Court erred in its conclusion that the instruction to the jury on the definition of "rifle" sufficiently charged on the issue concerning the operability of the weapon.

As to the People's contention that the error, if any, was harmless (see *People Bettis*, 249 AD2d 72 [1998], *lv denied* 92 NY2d 922 [1998]), we again disagree. Failure to charge a jury concerning an element of an offense, after a request to charge has been made, deprives a defendant of a fair trial, no matter how conclusive the evidence. By refusing to submit each element of the crime to the jury for consideration, County Court committed reversible error (see *People v Flynn, supra* at 881-882; *People v Lewis*, 64 NY2d 1031, 1032 [1985]). In light of this determination, we need not address defendant's remaining assertions.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Saratoga County for a new trial.

single projectile through a rifled bore for each single pull of the trigger" (Penal Law § 265.00 [11]).