[894 NYS2d 334]

The People of the State of New York, Plaintiff, v Danielle Varricchio, Defendant.

City Court of Albany, November 24, 2009

#### APPEARANCES OF COUNSEL

*Thomas N. Dulin, Conflict Defender*, Albany (*Elena C. Vaida* of counsel), for defendant. *P. David Soares, District Attorney*, Albany (*Kenneth C. Weafer* of counsel), for plaintiff.

#### OPINION OF THE COURT

Rachel L. Kretser, J.

The defendant, Danielle Varricchio, is charged with criminal

possession of a weapon in the fourth degree, a class A misdemeanor, in violation of Penal Law § 265.01 (4). Defendant moves, by motion dated May 19, 2009, through her attorney Elena C. Vaida, for an order dismissing this action. The People have responded through the affirmation in opposition of Kenneth C. Weafer, Esq. The matter now comes before the court for a decision.

## Motion to Dismiss

The defendant moves for an order, pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) dismissing the information, which charges the defendant with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]), on the grounds that the information is facially insufficient and defective.

An information is sufficient on its face when it (1) substantially conforms to the requirements of CPL 100.15 and (2) sets forth allegations which "provide reasonable cause to believe that the defendant committed the offense charged" and (3) contains nonhearsay allegations which "establish, if true, every element of the offense charged and the defendant's commission thereof." (CPL 100.40 [1] [b], [c]; *People v Alejandro*, 70 NY2d 133, 135 [1987].) This third requirement is also known as the prima facie case requirement. The *Alejandro* Court further held that failure to comply with the "prima facie case" requirement is a jurisdictional defect. (*Id.*)

Penal Law § 265.01 (4) states in pertinent part that "[a] person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e possesses a rifle or shotgun and has been convicted of a felony or serious offense."

The court notes that pursuant to case law, there is another element to criminal possession of a weapon in the fourth degree which is not listed in the statute. The Court of Appeals has held that "to establish a violation of Penal Law § 265.01 (4), the People must establish that the defendant possessed an operable rifle or shotgun" (*People v Longshore*, 86 NY2d 851, 852 [1995]). The Third Department has reaffirmed this holding in stating that "[o]perability is a required element of the crime of criminal possession of a handgun, rifle or shotgun." (*People v Rowland*, 14 AD3d 886, 887 [3d Dept 2005].) Not only is the burden on the People to prove operability of the weapon, but since proof of operability is an essential element of the crime of possession of a weapon, operability must be pleaded with nonhearsay allegations. (*See*

*Matter of Rodney J.*, 83 NY2d 503, 507 [1994]; *People v Shaffer*, 66 NY2d 663 [1985]; *People v Grillo*, 15 AD2d 502 [2d Dept 1961], *affd* 11 NY2d 841 [1962].)

The Court of Appeals holding in *Longshore* is based upon the court's premise that "there is no functional difference between a handgun and a rifle or shotgun, and no principled reason to treat them differently in this respect for purposes of the criminal possession statutes." (*Longshore* at 852.) It is noteworthy that following the court's decision in *Longshore*, the operability element was added to the pattern criminal jury instruction on Penal Law § 265.01 (4). (*See* CJI2d[NY] Penal Law § 265.01 [4]; *People v Rowland*, 14 AD3d 886, 887 [3d Dept 2005].)

The court is cognizant of the fact that in most instances a police officer will not be able to attach to the accusatory instrument prior to arraignment a firearms report which certifies the operability of the firearm in question. However, the police officer can include in the factual portion of the accusatory instrument a provision which states "I have examined the firearm, and upon information and belief it is fully functional and operable." After the police department has had the opportunity to test fire the firearm, the People will move to replace the misdemeanor complaint with an information by filing the firearms report and annexing it to the accusatory instrument.

Here, the factual portion of the accusatory instrument states that "the defendant did knowingly and unlawfully have in her possession and under her control (1) High-Point 9 MM rifle bearing serial # B11989. The defendant possessed said rifle after previously being convicted of a felony, specifically Grand Larceny 4th on 08/06/2007." The element of operability of the weapon is absent from the accusatory instrument. While the People filed a firearms report which certified the operability of the within rifle in court on September 11, 2009, this late filing in no way acted to cure the insufficiency of the information which defendant was arraigned upon on October 10, 2008.

Since the within accusatory instrument fails to allege every element of the crime of criminal possession of a weapon in the fourth degree, it fails to satisfy the prima facie case requirement. This failure to allege every element (not simply every *statutory* element) of the offense charged is a jurisdictional

defect which can be raised at any time. Accordingly, defendant's motion to dismiss is granted.

## Other Motions

All motions not granted herein are hereby denied.