# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**219**

**KA 10-01297**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DEREK BACKUS, DEFENDANT-APPELLANT.

---

ROBERT A. DURR, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 14, 2010. Defendant was resentenced upon a conviction of vehicular assault in the second degree (two counts) and driving while intoxicated.

It is hereby ORDERED that the resentence so appealed from is modified as a matter of discretion in the interest of justice by reducing the sentences imposed for vehicular assault in the second degree under counts one and two of the indictment to definite sentences of imprisonment of one year and as modified the resentence is affirmed and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a resentence imposed upon remittal of this matter to County Court (*People v Backus*, 56 AD3d 1119, *revd in part and vacated in part* 14 NY3d 876). In the prior appeal from a judgment convicting defendant upon his plea of guilty of two counts of vehicular assault in the second degree (Penal Law § 120.03 [1]) and one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), we modified the judgment by vacating the sentence, and we remitted the matter to the court "to resentence defendant or to 'entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety' " (*Backus*, 56 AD3d at 1120). Upon defendant's further appeal, the Court of Appeals reversed and vacated that part of the order that authorized the court to entertain a motion by the People to vacate the plea and set aside the conviction (*People v Backus*, 14 NY3d 876). The Court of Appeals stated that, "[d]efendant's sentence having been vacated, County Court is required to resentence defendant in accordance with the law" (*id*. at 877).

Upon remittal, the court resentenced defendant to indeterminate

terms of imprisonment of 1 to 3 years for the vehicular assault counts and a definite sentence of imprisonment of one year for driving while intoxicated, and it directed that the sentences run concurrently. We reject defendant's contention that the resentence is illegal. The original sentence was vacated on the ground that it was illegal, and the court was not bound by the limits of the original sentence (*see People v Rogner*, 285 AD2d 749, *lv denied* 96 NY2d 941). Upon resentencing, the court was authorized to impose an indeterminate term of imprisonment for each count of vehicular assault, which is a class E felony (*see* Penal law § 70.00 [1]). Contrary to the further contention of defendant, we conclude that, "based on [the] record, there is no reasonable likelihood that the [resentence] . . . was the result of vindictiveness" (*People v Young*, 94 NY2d 171, 180-181, *rearg denied* 94 NY2d 876).

We agree with defendant, however, that the resentence is unduly harsh and severe. Defendant served eight months in jail prior to his release pursuant to CPL 460.50 (1). Following his release, defendant successfully completed chemical dependency treatment, refrained from using alcohol, maintained employment, pursued a second college degree and got back his driver's license. "[H]aving regard to the nature and circumstances of the crime[s] and to the history and character of the defendant, [we are] of the opinion that a sentence of imprisonment [was] necessary but that it [was] unduly harsh to impose an indeterminate or determinate sentence" for each of the felony counts (Penal Law § 70.00 [4]). Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the resentence by reducing the resentences for those counts to definite sentences of imprisonment of one year (*see* Penal Law § 70.00 [4]).

All concur except FAHEY, J., who dissents in part and votes to affirm in the following Memorandum: I respectfully dissent in part. Although County Court's remarks at the proceeding that preceded the resentence were intemperate, I agree with the majority's conclusion that, "based on [the] record, there is no reasonable likelihood that the [resentence] . . . was the result of vindictiveness" (*People v Young*, 94 NY2d 171, 180-181, *rearg denied* 94 NY2d 876). I cannot, however, agree with the majority that the resentence is unduly harsh and severe. Our power to substitute our own discretion for that of the sentencing court is broad and plenary (*see People v Delgado*, 80 NY2d 780, 783; *People v Hearn*, 248 AD2d 889, 890), but it should be exercised only in extraordinary circumstances (*see generally People v Massey*, 45 AD3d 1044, 1048, *lv denied* 9 NY3d 1036). Here, the minimum possible range for an indeterminate sentence of imprisonment for each count of vehicular assault in the second degree (Penal Law § 120.03 [1]) was 1 to 3 years (§ 70.00 [3] [b]), which is exactly the term that the court imposed upon resentencing with respect to those counts. Indeed, the facts of this case do not present circumstances warranting further reduction of the resentence to a definite sentence of imprisonment of one year. I would therefore affirm the resentence and

remit the matter to County Court for proceedings pursuant to CPL
460.50 (5).