People v Huntress (2020 NY Slip Op 01778)





People v Huntress


2020 NY Slip Op 01778


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


229 KA 18-00543

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA D. HUNTRESS, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (ADAM W. KOCH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered January 18, 2018. The judgment convicted defendant upon a plea of guilty of aggravated vehicular homicide and assault in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Wyoming County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated vehicular homicide (Penal Law § 125.14 [5]) and three counts of assault in the second degree
(§ 120.05 [4]). We agree with defendant and the People correctly concede that defendant was improperly sentenced as a second felony offender inasmuch as the predicate conviction, i.e., the Pennsylvania crime of receiving stolen property (a firearm) (18 Pa Cons Stat
§§ 3903 [a] [3]; 3925) is not the equivalent of the New York felony of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4]). Upon our review of Pennsylvania statutory and case law, the operability of a firearm is not an element of the Pennsylvania offense (see Commonwealth v Batty, 169 A3d 70, 77 [Pa Super Ct 2017], appeal denied 645 Pa 701 [2018]), whereas it is a required element of the New York offense (see People v Cruz, 272 AD2d 922, 922 [4th Dept 2000], affd 96 NY2d 857 [2001]; People v Samba, 97 AD3d 411, 414 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]; People v Rowland, 14 AD3d 886, 887 [3d Dept 2005]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court