People v Dyce (2020 NY Slip Op 04853)





People v Dyce


2020 NY Slip Op 04853


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-12419
 (Ind. No. 6729/17)

[*1]The People of the State of New York, respondent,
v
Akeem Dyce, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered September 10, 2018, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
As the People concede, the defendant was improperly adjudicated a second felony offender on the basis of a prior federal conviction for possession of a firearm with an obliterated serial number (see 18 USC § 922[k]). "An out-of-state felony conviction qualifies as a predicate felony under Penal Law § 70.06 only if it is for a crime whose elements are equivalent to those of a felony in New York" (People v Vazquez, 173 AD3d 1073, 1074; see People v Yusuf, 19 NY3d 314, 321). Here, the defendant's predicate crime does not require as one of its elements that the firearm be operable (see 18 USC § 922[k]; United States v Alston, 112 F3d 32, 33-34, 38 [1st Cir]; see also United States v Rivera, 415 F3d 284, 285-286 [2d Cir]) and, thus, does not constitute a felony in New York for the purpose of enhanced sentencing (see People v Longshore, 86 NY2d 851, 852; see also People v Gibson, 141 AD3d 1009, 1012-1013). Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Kings County, for resentencing.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court