People v Cabassa (2020 NY Slip Op 06282)





People v Cabassa


2020 NY Slip Op 06282


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-12712
 (Ind. No. 1255/16)

[*1]The People of the State of New York, respondent,
v
Richard Cabassa, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jie Gao of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered November 14, 2017, convicting him of promoting prostitution in the second degree and promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during the opening statement and on summation require reversal is partially unpreserved for appellate review, since the defendant either failed to object to the remarks at issue or made only a general objection, and failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see People v Romero, 7 NY3d 911, 912; People v Willis, 165 AD3d 984, 985). In any event, the challenged remarks constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or permissible rhetorical comment (see People v Rodriguez, 175 AD3d 721, 722; People v Carter, 152 AD3d 786), and were not so egregious as to deprive the defendant of a fair trial (see People v Johnson, 159 AD3d 833, 835).
The defendant's contention that his prior federal conviction of unlawful possession [*2]of a firearm in violation of 18 USC § 922(g)(l) did not qualify as a predicate New York felony pursuant to Penal Law § 70.06 is unpreserved for appellate review (see People v Samms, 95 NY2d 52, 57). However, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Casey, 82 AD3d 1005).
"An out-of-state felony conviction qualifies as a predicate felony under Penal Law § 70.06 only if it is for a crime whose elements are equivalent to those of a felony in New York" (People v Vazquez, 173 AD3d 1073, 1074; see People v Yusuf, 19 NY3d 314, 321). Here, the defendant's predicate crime does not require as one of its elements that the firearm be operable (see 18 USC § 922[g][1]; People v Lawrence, 17 AD3d 697, 698-699) and, thus, does not constitute a felony in New York for the purpose of enhanced sentencing (see People v Longshore, 86 NY2d 851, 852).
Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court