People v Bilfulco (2022 NY Slip Op 04637)

People v Bilfulco

2022 NY Slip Op 04637

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-01672
2019-01673
 (Ind. No. 566/18, S.C.I. No. 7731/18)

[*1]The People of the State of New York, respondent,
v
Anthony Bilfulco, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Martin Murphy, J.), both rendered December 4, 2018, convicting him of robbery in the third degree (two counts) under Indictment No. 566/18, and robbery in the third degree under Superior Court Information No. 7731/18, upon his pleas of guilty, and imposing sentences upon his adjudication as a second felony offender.
ORDERED that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentences imposed thereon; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
As the People concede, the defendant should not have been adjudicated a second felony offender on the basis of a prior federal conviction for possession of a firearm by a felon (see 18 USC § 922[g][1]). "An out-of-state felony conviction qualifies as a predicate felony under New York's sentencing statutes only if it is for a crime 'whose elements are equivalent to those of a New York felony'" (People v Yusuf, 19 NY3d 314, 321, quoting People v Gonzales, 61 NY2d 586, 589; see Penal Law § 70.06[1][b][i]). Here, the defendant's predicate crime does not require as one of its elements that the firearm be operable (see United States v Rivera, 415 F3d 284, 286 [2d Cir]) and thus, does not constitute a felony in New York for the purpose of enhanced sentencing (see People v Longshore, 86 NY2d 851, 852; People v Cabassa, 188 AD3d 716, 717-718; People v Dyce, 186 AD3d 1241; People v Lawrence, 17 AD3d 697, 698-699).
Accordingly, we modify the judgments by vacating the defendant's adjudication as a second felony offender and the sentences imposed thereon, and remit the matter to the Supreme Court, Kings County, for resentencing.
In light of our determination, we need not reach the defendant's remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court