People v Cabassa (2023 NY Slip Op 03801)

People v Cabassa

2023 NY Slip Op 03801

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-00090
 (Ind. No. 1255/16)

[*1]The People of the State of New York, respondent,
v
Richard Cabassa, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), imposed November 24, 2020, which, upon his appeal of the sentence of the same court (Richard L. Buchter, J.) imposed November 14, 2017, upon his conviction of promoting prostitution in the second degree and promoting prostitution in the third degree, upon a jury verdict, after remittitur from this Court for resentencing (see People v Cabassa, 188 AD3d 716), resentenced him to concurrent indeterminate terms of imprisonment of 5 to 15 years on the conviction of promoting prostitution in the second degree and 2&frac13; to 7 years on the conviction of promoting prostitution in the third degree.
ORDERED that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the resentence to concurrent indeterminate terms of imprisonment of 4 to 12 years on the conviction of promoting prostitution in the second degree and 2 to 6 years on the conviction of promoting prostitution in the third degree; as so modified, the resentence is affirmed.
The defendant was convicted of promoting prostitution in the second degree (Penal Law § 230.30[1]), a class C felony, and promoting prostitution in the third degree (id. § 230.25[2]), a class D felony, upon a jury verdict. Upon rejecting the People's recommendation to impose the maximum sentence, the Supreme Court sentenced the defendant, as a second felony offender, to concurrent indeterminate terms of imprisonment of 6 to 12 years on the conviction of promoting prostitution in the second degree and 3 to 6 years on the conviction of promoting prostitution in the third degree.
Upon the defendant's prior appeal, this Court vacated the defendant's adjudication as a second felony offender on the ground that his prior federal conviction of unlawful possession of a firearm in violation of 18 USC § 922(g)(1) did not constitute a felony in New York for the purpose of enhanced sentencing (see People v Cabassa, 188 AD3d 716, 717-718), and remitted the matter to the Supreme Court, Queens County, for resentencing (see id.). The defendant was resentenced, before a different Justice, to concurrent indeterminate terms of imprisonment of 5 to 15 years on the conviction of promoting prostitution in the second degree and 2&frac13; to 7 years on the conviction of promoting prostitution in the third degree. These indeterminate terms of imprisonment constituted the statutory maximum (see Penal Law § 70.00).
In North Carolina v Pearce (395 US 711), the Supreme Court of the United States held that when a defendant is sentenced to a longer term after retrial, the reasons for the enhanced sentence must affirmatively appear and be "'based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding'" (People v Young, 94 NY2d 171, 176-177, quoting North Carolina v Pearce, 395 US at 726). "Under Federal constitutional law . . . the Pearce presumption does not apply where a different Judge imposes the longer sentence. As a matter of State constitutional law, however, that 'a different Judge imposes the second sentence is but a factor to be weighed with others in assaying whether the presumption has been overcome'" (People v Young, 94 NY2d at 178, quoting People v Van Pelt, 76 NY2d 156, 161 [citation omitted]).
Federal due process is not implicated here since the sentence was imposed by a different Justice. Under state law, since the original sentence was illegal, the Supreme Court was not bound by either the minimum or maximum limits of the original sentence (see People v Backus, 81 AD3d 1467, 1468; People v Somerville, 33 AD3d 733, 734; People v Rogner, 285 AD2d 749; People v Fuller, 134 AD2d 278).
However, since no reasons were cited for the resentence to a longer term, and the defendant's criminal record did not involve violent offenses, imposition of the statutory maximum indeterminate terms of imprisonment was an improvident exercise of discretion. In view of the foregoing, the sentence was excessive to the extent indicated herein (see People v Backus, 81 AD3d at 1468).
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court