People v Burgess (2024 NY Slip Op 50382(U))

[*1]

People v Burgess (Warren)

2024 NY Slip Op 50382(U)

Decided on April 9, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570038/20

 The People of the State of New York, Respondent,
against
Warren Burgess, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J., at plea; Jeanine R. Johnson, J., at sentencing), rendered December 10, 2019, convicting him, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J., at plea; Jeanine R. Johnson, J., at sentencing), rendered December 10, 2019, modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees, and otherwise affirmed. 
As the People concede, the criminal possession of a weapon charge (see Penal Law § 265.01[1]) to which defendant pleaded guilty was jurisdictionally defective due to the absence of any factual allegations indicating that the firearm was operable (see People v Longshore, 86 NY2d 851 [1995]; People v Martinez, 81 Misc 3d 142[A], 2024 NY Slip Op 50136[U][App Term, 1st Dept 2024]). However, the only relief which the defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea and remand on the remaining charges, and he expressly requests that this Court affirm the conviction if it does not grant a dismissal. In view of the serious nature of the other charges contained in the felony complaint, a dismissal would not be appropriate, and therefore we affirm (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Teron, 139 AD3d 450 [2016]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2024