People v Davis (2025 NY Slip Op 00977)

People v Davis

2025 NY Slip Op 00977

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-01821
 (Ind. No. 74040/21)

[*1]The People of the State of New York, respondent,
v
Latrell Davis, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Abbye Lawrence of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Rodriguez, J.), rendered July 26, 2022, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
As the People correctly concede, the defendant was improperly sentenced as a second felony offender based on a prior federal conviction (see 18 USC § 924[m]). "Penal Law § 70.06 requires the imposition of enhanced sentences for those found to be predicate felons" (People v Muniz, 74 NY2d 464, 467). Among other criteria, for the purpose of determining whether a prior conviction is a predicate felony conviction, the conviction must have been in New York of a felony, "or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed" (Penal Law § 70.06[1][b][i]). "Since New York authorizes sentences exceeding one year only for felonies, the second prong of this statutory test requires an inquiry to determine whether the foreign conviction has an equivalent among New York's felony-level crimes" (People v Muniz, 74 NY2d at 467). "As a general rule, this inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (id. at 467-468; see People v Helms, 30 NY3d 259, 264-265). Here, the defendant's predicate crime does not require as one of its elements that the firearm be operable (see United States v Rivera, 415 F3d 284, 286) and, thus, does not constitute a felony in New York for the purpose of enhanced sentencing (see People v Longshore, 86 NY2d 851, 852; People v Bifulco, 207 AD3d 646; People v Cabassa, 188 AD3d 716, 717-718; People v Dyce, 186 AD3d 1241).
Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Kings County, for resentencing.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court